UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JEROME RAHEEM SIMPSON,
Plaintiff,

v. Case No. 3:26-cv-4888-MW-ZCB

V.A. STOUDMIRE, et al.,
Defendants.
_________________________________/

## REPORT AND RECOMMENDATION

This *pro se* prisoner civil rights case is before the Court on Plaintiff's "Request for Preliminary/Permanent Injunction Relief." (Doc. 10). In his motion, Plaintiff states that several non-party officers have prevented Plaintiff from accessing his property and using the law library. (Doc. 10 at 1-2). These allegations stem from an incident that allegedly occurred "on September 10, 2026[.]" (*Id.* at 1). For the reasons below, Plaintiff's motion should be denied.

First, Plaintiff's motion is based on events that are not closely related to the matters set forth in his complaint. The purpose of preliminary injunctive relief is to "preserve the status quo" between the parties and prevent irreparable injury until the merits of the underlying lawsuit can be resolved. *All Care Nursing Serv. v. Bethesda Mem'l Hosp.*,

887 F.2d 1535, 1537 (11th Cir. 1989). This means that "the relief sought in the motion must be closely related to the conduct complained of in the actual complaint." *Garrison v. Nuzum*, 2024 WL 5273268, at *1 (M.D. Fla. June 27, 2024) (cleaned up and collecting cases).

Plaintiff's complaint involves Defendant officers employed at Century Correctional Institution and an allegedly unlawful disciplinary hearing that occurred in 2022. (Doc. 1 at 2-10). In contrast, the allegations in Plaintiff's motion reference non-party officers from the Okaloosa Correctional Institution (where Plaintiff is currently confined) and events that allegedly occurred in September of 2026. (Doc. 10 at 1-2). Because Plaintiff's motion for a preliminary injunction is not based on matters set forth in his complaint, it lacks merit. *See Daker v. Ward*, 2023 WL 3205329, at *4 (M.D. Ga. May 2, 2023) ("The relief Plaintiff seeks is . . . not of the same character and does not deal with conduct closely related to the conduct complained of in Plaintiff's Recast Complaint. Plaintiff's requested preliminary injunctive relief is therefore improper.").

Second, Plaintiff's motion lacks merit because he has not sought injunctive relief in his complaint. He has only sought monetary damages. (Doc. 1 at 5). Thus, this Court lacks authority to enter a preliminary

injunction.[1] *See Noventa Ocho LLC v. PBD Properties LLC*, 284 F. App'x 726, 727-28 (11th Cir. 2008) (stating that the "district court lacked the authority to enter this injunction because in the underlying litigation, [the plaintiff] asks only for damages").

Third, Plaintiff's motion lacks merit because he seeks an injunction against people who are not named as Defendants in this action. The named Defendants in the complaint are Officer Stoudmire and Lt. Lashley from Century CI. The individuals named in Plaintiff's motion for a preliminary injunction are Lt. McCranie and Sgt. Hall from Okaloosa CI. *See E.A. Renfroe & Co., Inc. v. Moran*, 338 F. App'x 836, 838-39 (11th Cir. 2009) ("Courts of equity have long observed the general rule that a court may not enter an injunction against a person who has not been made a party to the case before it."); *see also Jackson v. Baisden*,

---

[1] Even if Plaintiff had sought injunctive relief in the complaint, such a request has long-since been mooted because Plaintiff is no longer confined at Century CI. *See Robbins v. Robertson*, 782 F. App'x 794, 800 (11th Cir. 2019) (dismissing request for injunctive relief as moot) ("[Plaintiff] seeks an injunction against two individuals who have authority only over Valdosta Prison—a place where he no longer resides. Thus, an injunction directing these officials to provide Plaintiff with an adequate vegan diet would be an empty order, as these officials no longer have any ability to provide Plaintiff with any food—nutritional or otherwise . . . . [G]iven Plaintiff's transfer to Hayes State Prison, an injunction directing his former prison officials to provide Plaintiff with a particular diet would provide Plaintiff with no relief.").

No. 21-13004, 2022 WL 610314, at *1 (11th Cir. 2022) (holding the district court lacked subject matter jurisdiction to grant an injunction against a non-party).

For the reasons above, it is respectfully **RECOMMENDED** that Plaintiff's "Request for Preliminary/Permanent Injunction Relief" (Doc. 10) be **DENIED**.[2]

At Pensacola, Florida this 17th day of September 2026.

/s/ Zachary C. Bolitho
Zachary C. Bolitho
United States Magistrate Judge

**Notice to the Parties**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

[2] Plaintiff's motion references being unable to timely file his amended complaint. (Doc. 10 at 2). Plaintiff is advised that if he needs more time to submit his amended complaint, then he should file a motion for extension of time.